
FILED
SEP 29 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:22-CR- 106 |
| v. ) | |
| ) | JUDGE: |
| ETHAN STINSON ) | |

### PLEA AGREEMENT TO INFORMATION PURSUANT TO FRCP 11(c)(1)(C)

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, ETHAN STINSON, and the defendant's attorney, Jonathan Holcomb, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an information charging the defendant with the following offense:

    (a) Count One, that is, threatening to assault the United States President in violation of 18 U.S.C. § 115(a)(1)(B).

The maximum punishment for this offense is as follows: a term of imprisonment up to 1 year, a $100,000 fine, up to one (1) year's supervised release, and a $25 mandatory assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the court at the time of sentencing, or when appropriate, to dismiss the indictment against the defendant in case number 2:21-CR-24. The United States additionally agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offense that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. The defendant has read the information, discussed the charge and possible defenses with defense counsel, and understands the crime charged.

4. In support of the defendant's guilty plea, the United States and the defendant agree and stipulate to the following facts, which satisfy the elements of the offenses. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

  a) On March 18, 2021, Secret Service received notification from the Protective Intelligence Division (PID) regarding the defendant posting multiple threats against President Biden on his public Facebook page.

  b) Upon examination of the defendant's Facebook page, the Secret Service Agent observed multiple posts in which the defendant threatens harm to President Biden. The threats included assaultive language such as "fuck Joe Biden up son," "coming for 46," "1600 Pennsylvania Avenue bulldozed," "$20 Biden's head," "Biden your time is up," as well as other posts involving assaulting President Biden.

  c) Secret Service Agents interviewed the defendant at his residence following the discovery of the posts. During the interview, the defendant admitted to being responsible for the account and to authoring the threatening posts.

  d) The defendant now admits to threatening to assault President Biden in retaliation for carrying out his official duties.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

  (a) the right to be indicted by a grand jury for this crime;

  (b) the right to plead not guilty;

2

  (c) the right to a speedy and public trial by jury;

  (d) the right to assistance of counsel at trial;

  (e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

  (f) the right to confront and cross-examine witnesses against the defendant;

  (g) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

  (h) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that, regardless of the applicable advisory Guidelines range, a sentence of **Time served** is the appropriate disposition of this case. Additionally, the Court may impose any length and term of supervised release, lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to § 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to § 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense, including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make

3

Case 2:22-cr-00106-JRG-CRW   Document 2   Filed 09/29/22   Page 3 of 7   PageID #: 5

such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a. If so requested by the United States, the defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form it provides and as

it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b.     The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c.     If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the United States Attorney's Office to permit the United States Attorney's Office to obtain financial and tax records of the defendant.

10.     The defendant acknowledges that the principal benefits to the United States of this agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

      a)     The defendant will not file a direct appeal of the defendant's conviction or sentence except as provided in Paragraph 2 of this Plea Agreement. The defendant additionally retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

      b)     The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The

defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or received from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including, without limitation, by failing to enter a guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges that the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to prosecution for the conduct contemplated by this agreement. The defendant also understands and agrees that a violation of this agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even

6

though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

9/29/22
Date

By: *signature*
THOMAS MCCAULEY
Assistant United States Attorney

9-29-22
Date

*signature*
ETHAN STINSON
Defendant

9-29-22
Date

*signature*
JONATHAN HOLCOMB
Attorney for the Defendant

7